UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID VELASQUEZ,

        Petitioner,

   v.

TOM L. CAREY, et al.,

        Resoppndents.
_____/

NO. CIV. S-05-2118 LKK/CHS

O R D E R

    This case concerns a petition for habeas corpus, wherein petitioner challenges the Governor of California's reversal of a Board of Parole Hearings decision granting petitioner parole. On August 26, 2009, this court adopted the findings and recommendations of the magistrate judge, and thereby granted the petition. Respondent appealed that order the following day, and seeks a stay pending resolution of the appeal.

    Under Fed. R. App. P. 8, this court has jurisdiction to stay the grant of relief pending appeal. This court has discretion whether to issue such a stay, guided by consideration of "(1) whether the stay applicant has made a strong showing that he is

1

1 likely to succeed on the merits; (2) whether the applicant will be
2 irreparably injured absent a stay; (3) whether issuance of the stay
3 will substantially injure the other parties interested in the
4 proceeding; and (4) where the public interest lies." Hilton v.
5 Braunskill, 481 U.S. 770, 776 (1987).  The Ninth Circuit conceives
6 this standard as "two interrelated legal tests" operating along a
7 continuum. Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983).
8 At one end of the continuum, the moving party may succeed if it
9 shows that there is a probability of success on the merits as well
10 as a possibility of irreparable injury.  Golden Gate Restaurant
11 Ass'n. v. City and County of San Francisco, 512 F.3d 1112, 1115-16
12 (9th Cir. 2008). At the other end, the moving party may succeed if
13 it shows that it has raised "serious legal questions" and that "the
14 balance of hardships tips sharply in its favor." Id. at 1116
15 (quoting Lopez, 713 F.2d at 1435). Finally, the district court must
16 consider the public interest implicated by the grant of the stay;
17 this consideration is distinct from the harm to the parties in the
18 court's grant or denial of a stay. Natural Resource Defense
19 Council, Inc. v. Winter, 502 F.3d 859, 863-64 (9th Cir. 2007).
20     Having reviewed these factors, the court stays the matter for
21 fifteen (15) days.  Respondent has shown a possibility, although
22 not a likelihood, of success on the question of whether "some
23 evidence" supported the governor's decision.  Balancing the
24 hardships, the court rejects respondent's contention that a stay
25 which necessarily prolongs detention will not injure petitioner.
26 The court also rejects the argument that a stay furthers the public

2

1  interest in respecting the state's parole process.  Nonetheless,
2  the court concludes that the balance of hardships, coupled with the
3  possibility of success on appeal, warrants a limited stay to allow
4  respondent to seek a further stay from the Ninth Circuit, pursuant
5  to Fed. R. App. P. 8(a)(2)(A)(ii).
6     IT IS SO ORDERED.
7     DATED:  September 3, 2009.

*[signature]*
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3